Simon, J.
The plaintiff seeks to recover the sum of eight hundred dollars, which he alleges to be due to him by the defendant, under the following circumstances : He states in his petition that on or about the 27th of December, 1842, said defendant, by his authorized agent for that purpose, James Rucker, engaged his, plaintiff’s, services as overseer, on his plantation recently purchased of Dr. Hereford, for one year, to commence on the first of January, 1843, and to terminate on the last day of said year, to which the plaintiff consented, and for which it was agreed that he, the plaintiff, should receive a salary of $800. That in pursuance of said contract, the petitioner commenced to perform his duties as overseer of the defendant on the first of January, 1843, and was ready and willing, and did continue in the due performance and discharge of his said duties, until the tenth of the said month of January, when the defendant without any just cause of complaint, sent away and’ discharged the petitioner from the further execution of his contract, and without his consent or approbation. That by his acting so, the defendant did actively *649 violate his contract, and put it out of the power of the petitioner to fulfil and perform his part thereof; all which entitles him to recover his whole year’s wages. And that, although there was on the part of said defendant an active violation of his contract, he, the petitioner put said defendant in legal delay, or default, to comply with it, which was refused by the latter, &c.
The defendant first pleaded the general issue, and further averred, that the plaintiff, having undertaken to manage his, the respondent’s plantation, did not perform the duties of a faithful and competent overseer, but neglected his business, frequently absenting himself at night, as well as during the day, and leaving the negroes on the plantation alone, without any white person being present, &c.
The defendant subsequently amended his answer for the purpose of alleging his having made to the plaintiff, before the institution of this suit, a legal tender of the sum of forty-five dollars, in full payment of the services of said plaintiff for the time he acted as his overseer, being the same services for -which plaintiff instituted this action, and which tender said plaintiff refused to accept.
This case was tried by a jury, who returned a verdict in favor of the defendant; and said verdict having been adopted as the judgment of the inferior court, the plaintiff, after a vain attempt to obtain a new trial, took the present appeal.
■ The present action is based upon the 2720th art. of the Civil Code, which provides that, “if, without any serious ground of complaint a man should send away a laborer, whose services he has hired (la personne qui lui a loué ses services) for a certain time, before- that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived.” Thus, on the part of the plaintiff it is pretended, that he was discharged by his employer without any just cause or serious ground of complaint, and that, therefore, the defendant owes him the whole amount of his year’s wages ; whilst on the part of said defendant it is insisted, that he had good reasons to discharge the plaintiff, that the latter had failed to perform his duties, and had neglected the business for which he was employed, and that, therefore, he is entitled to receive nothing for his servi- *650 cos as overseer, except the sum of forty-five dollars, which said defendant appears to be willing to pay him, by his pleading a tender thereof in full payment of the services rendered during the time he acted as overseer.
It appears from the evidence, that the defendant having made the purchase of a plantation distant about seven or eight miles from St. Francisville, after having completed a partition of a number of slaves which belonged for one-half to his wife on another plantation; he, said defendant, having to leave for Baton Rouge, and to be absent for several days, and wishing to employ an overseer to take charge of the negroes, to move them on, and to manage the new plantation, authorized one James Rucker to engage the plaintiff for that purpose, and to give him $800 a year for his services. This contract took place in the latter part of December, 1842 ; and'the plaintiff, having thus been employed by Ruck-er for the defendant, took charge of the negroes on or about the first of January, 1S43, and with the assistance of,other persons, removed them to the new plantation which remained under his charge until the defendant returned home, when, being dissatisfied with the plaintiff’s manner of managing his farm, he, said defendant, discharged him. This was on the tenth of January.
It further appears, that while the defendant was at Baton Rouge, he wrote a letter to James Turner, (under whose employment the plaintiff was at the time,) dated 28th of December, 1842, in which he gives Turner to understand, that having told ■Rucker to employ the plaintiff.J and having received a letter from said Rucker that he had succeeded, he would be willing to consent to said plaintiff’s remaining with Turner, saying: “ There is a m,an here whom 1 can get, and whom I should be perfectly satisfied with ; and, under the above circumstances, £ would rather Mr. R. would return with you, by letting me know in time, that I may send him up before he leaves. This would suit me entirely, and if you think fit, and if you have no overseer yet, and can induce him to return, I should be glad.”
Under the issues presented by the pleadings, the parties went into the examination of witnesses to‘prove facts which they deemed necessary in support of their respective pretensions. On the one hand, the plaintiff attempted to show, that he had been dismissed without any just cause or ground of complaint, that *651 his contract with Rucker was made under certain circumstances which prevented him, within the knowledge of the agent, from attending to his duties in a regular manner before the 6th of January; that his repeated and occasional absences from the plantation were occasioned by the situation of the place, &c., and by the defendant’s failing to furnish provisions, bedding, &c.; and, on the other hand, the defendant endeavored to establish the reasons which caused him to discharge the plaintiff, who had neglected to perform his duties as overseer, &c.; when, on the production of the testimony of James Rucker and others, taken subject to all legal exceptions, the defendant’s counsel objected to certain parts thereof being read to the jury, on the ground, that there was no allegation in the petition of the facts sought to be proved ; that there was no authority alleged or shown in the witness and agent, Rucker, to give the instructions contained in the testimony objected to ; and that some of the facts attempted to be shown, contradicted the plaintiff’s petition. The objections made by the defendant’s counsel were sustained by the Judge, a quo, and the plaintiff took a bill of exceptions.
The question of admissibility of the evidence objected to, may be divided into two branches : 1. As to those parts of the testimony going to show that the defendant had not furnished provisions for the overseer ; that the agent told the latter he could go to the witness’mother's or to Turner's for his meals ; and that there was no bedding on the place at the time for him to sleep 07i; and all such other facts, from which, within the knowledge and consent of the agent who had employed him, he was necessitated or authorized to absent himself occasionally from the place, <fcc.
2. As to those parts of the testimony introduced to establish that the plaintiff, being in the employ of Turner until the 6th of January, he could not regularly attend to the defendant’s place until the said 6th of January.
I. We think the Judge, a quo, erred in rejecting the evidence on this branch of the question. The issue set up by the defendant was, that the plaintiff had neglected his duties, and had violated his contract; and this issue was opposed to his demand as the ground of complaint for which he had been discharged. According to our Code of Practice, no replication is admitted in the pleadings of a suit, (Code of Pract. art. 329,} and all new facts al *652 leged in the defendant’s answer are to be considered as denied Uy the plaintiff. Here, the defendant’s allegations in his answer were intended to destroy the plaintiff’s action, by showing that his discharge was founded upon a serious ground of complaint; and we are not ready to say, that the latter was precluded from proving facts going to justify his conduct, and to establish either that it was authorized by the agent of his employer, or that it proceeded from circumstances over which he had no control, and which necessitated him, to a certain extent, to neglect his duties. The contract had been made during the defendant’s absence, by a man fully authorized to act for him ; the plantation on which the services of the plaintiff had been required, was newly purchased ; and if it be true, that the plaintiff absented himself from the place, under the instructions of the defendant’s agent, and for purposes of necessity, this might perhaps so weaken the testimony adduced by his adversary, as to induce the jury to believe that he was dismissed without sufficient cause. Be this as it may, we think that, under the circumstances of the case, so far as they are above referred to, the plaintiff ought to have the benefit of this evidence, and that the inferior Judge should have permitted it to go to the jury. It is clear that the plaintiff, who could not foresee the nature of the defence set up against his claim, was not bound to allege those facts in his petition, as they were intended to be used to rebut the defendant’s allegations, aud to justify his conduct in the performance of his duties.
II. The testimony rejected under this branch of the question was inadmissible, as it contradicted, to a certain extent, the allegations of the petition. The plaintiff states therein, that he was engaged in his capacity of overseer, to oversee for the defendant for one year, to commence the 1st of January, 1843, and terminate on the last day of said year ; and further, that he did, on the 1st day of January, 1843, enter upon the said plantation, and upon the performance of his duty in his said capacity of overseer, &c. Under such allegations it seems clear, that he cannot be allowed to show that, although he was engaged by the agent from the 1st of January, it was understood between them that he was not to take the full charge of the slaves until the 6th. The contract declared upon, was to commence its operation on the first of January, and not on the 6th ; if it was subject to any *653 condition or modification, it was the duty of the plaintiff to allege it; and, as the case stands, we think this evidence was properly rejected.
Muse, for the appellant.
Ratliff, for the defendant.
With this view of the question of admissibility of the evidence, the case must be sent back to be tried de novo, before another jury, so as to give to the plaintiff the benefit of the evidence which was improperly rejected below ; and we think justice requires it also, on the ground, that the jury seems to have overlooked the plea of tender filed by the defendant, which amounts to an admission, that the plaintiff is entitled to recover at least forty-five dollars, alleged to have been tendered to him in full payment of his services. Code of Pract. art. 404.
With regard to the second bill of exceptions taken by the plaintiff, in relation to the manner in which the cause was argued before the jury, there is no necessity of our expressing any opinion upon it, as the case is to be tried de novo.
It is, therefore, ordered and decreed, that the judgment appealed from be avoided and reversed, and that this case be remanded to the lower court for a new trial, with instructions to the Judge, a quo, to admit the plaintiff’s evidence to the extent above recognized. The costs in this court to be borne by the defendant and' appellee.